## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ENGRIS MORALES,
an individual,

                                        Case No.:

      Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,
A foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,
TRANS UNION, LLC,
a foreign limited liability company, and
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company,

      Defendants.

_____/

## **COMPLAINT**

**COMES NOW**, Plaintiff, ENGRIS MORALES (hereinafter, "Plaintiff" or

"Morales"), by and through the undersigned counsel, and hereby sues Defendants,

NAVIENT SOLUTIONS, LLC, (hereinafter, "NAVIENT"), EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter, "EXPERIAN"), TRANS

UNION, LLC (hereinafter, "TRANSUNION"), and EQUIFAX INFORMATION

SERVICES, LLC (hereinafter, "EQUIFAX") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Plaintiff disputed NAVIENT's objectively-inaccurate credit reporting of the subject NAVIENT debt directly to EXPERIAN, EQUIFAX, TRANSUNION, yet each continued to credit report inaccurate information in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1692, *et seq.*

3.     Defendants are each subject to the jurisdiction of this Court as each regularly transacts business in this District, and the events described herein occur in this district.

4.     Venue is proper in this District as the acts and transactions described herein occur in this District.

5.     At all material times herein, Plaintiff is a natural person residing in Brevard County, Florida.

6.     At all material times herein, NAVIENT is a foreign entity that does business in Florida.

7.     At all material times herein, NAVIENT is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by

15 United States Code, Section 1681s-2.

8.     At all material times herein, TRANSUNION is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

9.     At all material times herein, TRANSUNION is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

10.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11.     At all material times herein, EXPERIAN is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

12.     At all material times herein, EQUIFAX is a foreign limited liability company existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

13.    At all material times herein, EQUIFAX is also a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

## FCRA STATUTORY STRUCTURE

14.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

15.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

16.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

17.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

18.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

19.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the

consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

20.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees. *Id.* at § o.

## GENERAL ALLEGATIONS

21.     NAVIENT furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to EQUIFAX, EXPERIAN, and TRANSUNION in order to compel or coerce the debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

22.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## FACTUAL ALLEGATIONS

24.     Plaintiff secured four, private student loans, Account Numbers -0691, -0709, -0717, and -0725 with Navient which she included in her Chapter 7 bankruptcy

that was filed in 2020 (hereinafter, "Loans" or "Accounts").

25.     On or about September 11, 2023, Judge Vaughan entered an Order granting a Motion For Approval of Stipluaiton In Settlement of Adversary Proceeding ("Settlement Agreement") in which Plaintiff and Navient agreed to the following terms:

      a. Plaintiff's Loans were reduced to $40,000.00 for so long as Plaintiff does not default under this Stipulation in Settlement;

      **b.** Plaintiff repays $150.75 per month for 300 months with a fixed interest rate of 1%.

26.     To date, Plaintiff has made timely payments to Navient.

## NAVIENT, TRANSUNION, EQUIFAX, AND EXPERIAN'S CREDIT REPORTING DISPUTE RESPONSES

27.     On or about March 2024, Plaintiff obtained copies of her credit reports from EXPERIAN, EQUIFAX, and TRANSUNION.

28.     According to the immediately-aforementioned reports, Navient inaccurately reported the Settlement Agreement terms to Plaintiff's EXPERIAN, EQUIFAX, and TRANSUNION credit reports as "Charge-Off" instead of "making payments pursuant to a payment plan".

29.     On or about March 20, 2024, with legal counsel's assistance, Plaintiff sent a letter to EXPERIAN, EQUIFAX, and TRANSUNION disputing the inaccurate information NAVIENT communicated and reported on Plaintiff's credit

reports (hereinafter, "First Dispute" or "First Dispute Letter").

30.    EQUIFAX, EXPERIAN, and TRANSUNION each received the First Dispute, and each communicated Plaintiff's First Dispute to NAVIENT.

31.    In response, EXPERIAN and TRANSUNION each responded and incorrectly verified that the Loans were a "Charge-Off" instead of marking it as "making payments pursuant to a partial payment plan".

32.    Equifax failed to perform a reinvestigation and instead requested proof of identity from Plaintiff.

33.    On or about April 11, 2024, legal counsel, on behalf of Plaintiff, sent another dispute letter to EQUIFAX, EXPERIAN, and TRANSUNION *again* disputing the objectively inaccurate errors contained in Plaintiff's credit reports (hereinafter, "Second Dispute Letter").

34.    Along with the Second Dispute Letter, Plaintiff included the aforementioned Settlement Agreement, Order, Proof of Payments, Driver's License, and Social Security Card.

35.    EQUIFAX, EXPERIAN, and TRANSUNION each received Plaintiff's Second Dispute Letter and communicated the same to NAVIENT.

36.    In response to the Second Dispute Letter, TRANSUNION and EXPERIAN again improperly marked the Loans as "Charge-Off".

37.    Equifax failed to respond to Plaintiff's Second Dispute Letter.

38.    Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable

fee for their services.

39.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiffs, should Plaintiff prevail in this matter against NAVIENT, EQUIFAX, EXPERIAN, and TRANSUNION.

40.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion.

41.     Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Accounts.

42.     Plaintiff suffered additional actual damages in the form of damage to her credit reputation, higher credit costs, and Plaintiff refrained from applying for new credit for fear that she would be denied because of the objectively inaccurate reporting referenced herein.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>

### <u>(As to Transunion, Experian, and Equifax Only)</u>

Plaintiff re-alleges paragraphs one (1) through forty-two (42) as if fully restated herein and further states as follows:

43.     TRANSUNION, Experian, and Equifax are subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

44.     TRANSUNION, Experian, and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report regarding the Loans.

45.     Specifically, TRANSUNION, Experian, and Equifax incorrectly marked the Loans as "Charge-Offs" when they should have been marked as "partial payment plan".

46.     Further, TRANSUNION, Experian, and Equifax willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's First and Second Dispute of the above-referenced inaccuracies contained in TRANSUNION, Experian, and Equifax's credit reports.

47.     As a result of TRANSUNION, Experian, and Equifax's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans.

48.     TRANSUNION, Experian, and Equifax's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

49.     TRANSUNION, Experian, and Equifax's violations of 15 United States Code, Section 1681e(b), constitutes negligent or willful noncompliance—or both— with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive

damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTION 1681i(a)(1), i(a)(4), and i(a)(5)**
**(as to Experian, Equifax, and Trans Union)**

Plaintiff re-alleges paragraphs one (1) through forty-two (42) as if fully restated herein and further states as follows:

50.     Experian, Equifax and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

51.     Specifically, Experian, Equifax and Trans Union willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

52.      Following Plaintiff's First Dispute, Experian, Equifax and Trans Union each parroted purported verifications from Navient, and continued to report the Loans as "Charge-Offs".

11

53.     Experian, Equifax and Trans Union did not request any documents corroborating information furnished and/or verified by Navient regarding Plaintiff and the Loans in response to any of Plaintiff's disputes, and Experian, Equifax and Trans Union wholly ignored the documents submitted Plaintiff with her repeated disputes.

54.     Experian, Equifax and Trans Union's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

55.     Additionally, after Plaintiff complied with Equifax's request for her to submit proof of identification following Plaintiff's First Dispute, Equifax failed to conduct a reinvestigation in response to Plaintiff's Second Dispute.

56.     More specifically, Plaintiff submitted a copy of his drivers license and a copy of his social security to Equifax in order to comply Equifax's request following Plaintiff's First Dispute.

57.     Equifax failed to acknowledge Plaintiff's proof of identification.

58.     As such, Experian, Equifax and Trans Union's investigation/re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Loans were inaccurate and Experian, Equifax and Trans Union failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

59.     Such reporting is false and evidences Experian, Equifax and Trans Union's respective failures to conduct reasonable investigation/re-investigations of Plaintiff's repeated disputes.

60.     Experian, Equifax and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted reasonably.

61.     Experian, Equifax and Trans Union's investigation/re-investigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by Navient.

62.     Experian, Equifax and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted in good faith.

63.     Experian, Equifax and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted using all the information and documents reasonably available to Experian, Equifax and Trans Union.

64.     As a result of Experian, Equifax and Trans Union's conduct, actions and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was denied credit, was deterred from making additional/further credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants derogatory and continued reporting of the Account and did not wish to further damage his credit report with futile credit inquiries, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as derogatory, negative, or adverse tradeline account.

65.     Experian, Equifax and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

66.     Experian, Equifax and Trans Union's violations of 15 United States Code Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE: NAVIENT**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**

Plaintiff re-alleges paragraphs one (1) through forty-two (42) as if fully restated herein and further states as follows:

67.     NAVIENT is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the debt on Plaintiff's credit reports after re-investigating Plaintiff's disputes.

68.     As described above, despite receiving notice of Plaintiff's disputes, NAVIENT willfully and/or negligently reported erroneous and inaccurate credit information regarding the Loans to EXPERIAN, EQUIFAX, and TRANSUNION.

69.     Specifically, after receiving notice of Plaintiff's disputes, NAVIENT inaccurately reported the Loans as "Charge-Offs", which ultimately reflected negatively on Plaintiff's EQUIFAX, EXPERIAN, and TRANSUNION credit reports

and credit files.

70.     Further, NAVIENT reported and communicated the immediately-aforementioned inaccurate information with actual knowledge of the settlement terms of the Settlement Agreement.

71.     NAVIENT's re-investigations were not conducted in good faith.

72.     NAVIENT's re-investigations were not conducted reasonably.

73.     NAVIENT's re-investigations were not conducted using all information reasonably available to NAVIENT.

74.     NAVIENT's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

75.     NAVIENT's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.     Judgment against NAVIENT, EXPERIAN, EQUIFAX, and TRANSUNION for maximum statutory damages for violations of the FCRA;

b.     Judgment enjoining NAVIENT, EXPERIAN, EQUIFAX, and

TRANSUNION from engaging in further conduct in violation of the FCRA;

 c. Actual damages in an amount to be determined at trial;

 d. Compensatory damages in an amount to be determined at trial;

 e. Punitive damages in an amount to be determined at trial;

 f. An award of attorney's fees and costs; and

 g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
11300 4th Street North
Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
jdubbeld@swift-law.com
*Counsel for Plaintiff*